## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| COUNTY OF DALLAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-cv-0426-M |
| | § | |
| PURDUE PHARMA L.P.; PURDUE PHARMA | § | |
| INC.; THE PURDUE FREDERICK COMPANY; | § | |
| JOHNSON & JOHNSON; JANSSEN | § | |
| PHARMACEUTICALS, INC.; ORTHO- | § | |
| MCNEIL-JANSSEN PHARMACEUTICALS, | § | |
| INC. n/k/a JANSSEN PHARMACEUTICALS, | § | |
| INC.; JANSSEN PHARMACEUTICA, INC. | § | |
| n/k/a JANSSEN PHARMACEUTICALS, INC.; | § | |
| ENDO HEALTH SOLUTIONS INC.; ENDO | § | |
| PHARMACEUTICALS, INC.; ABBVIE INC.; | § | |
| KNOLL PHARMACEUTICAL COMPANY, a | § | |
| wholly-owned subsidiary of ABBVIE INC.; | § | |
| ALLERGAN PLC f/k/a ACTAVIS PLC; | § | |
| ALLERGAN FINANCE LLC f/k/a ACTAVIS, | § | |
| INC. f/k/a WATSON PHARMACEUTICALS, | § | |
| INC.; WATSON LABORATORIES, INC.; | § | |
| ACTAVIS LLC; ACTAVIS PHARMA, INC. | § | |
| f/k/a WATSON PHARMA, INC.; MCKESSON | § | |
| CORPORATION; CARDINAL HEALTH, INC.; | § | |
| AMERISOURCEBERGEN CORPORATION; | § | |
| DR. RICHARD ANDREWS; DR. THEODORE | § | |
| OKECHUKU; DR. NICOLAS PADRON; and | § | |
| DOES 1 – 100, INCLUSIVE, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is the Motion to Remand [ECF No. 3], filed by Plaintiff, the County of

Dallas, and the Motion to Stay [ECF No. 5], filed by Defendants Cardinal Health Inc.,

AmerisourceBergen Corporation, and McKesson Corporation.  For the following reasons, the

Court **DENIES** the Motion to Stay and **GRANTS** the Motion to Remand.

## I.      Background

On December 19, 2017, Plaintiff initiated this case in the 116th Judicial District Court of

Dallas County, Texas against distributors, manufacturers, and dealers of opioids; specifically

Cardinal Health Inc., AmerisourceBergen Corporation, McKesson Corporation (together, the

"Distributor Defendants"), Purdue Pharma LP, Purdue Pharma Inc., The Purdue Frederick

Company, Johnson & Johnson, Janssen Pharmaceuticals Inc., Ortho-McNeil-Janssen

Pharmaceuticals Inc. *n/k/a Janssen Pharmaceuticals Inc.*, Janssen Pharmaceutica Inc. *n/k/a

Janssen Pharmaceuticals, Inc.*, Endo Health Solutions Inc., Endo Pharmaceuticals Inc., AbbVie

Inc., Knoll Pharmaceutical Company, *a wholly-owned subsidiary of AbbVie Inc.*, Allergan

Finance LLC *formerly known as* Actavis Inc. *formerly known as* Watson Pharmaceuticals Inc.,

Allergan PLC *formerly known as* Actavis PLC, Watson Laboratories Inc., Actavis LLC, Actavis

Pharma Inc. *formerly known as* Watson Pharma Inc. (together, the "Manufacturer Defendants"),

Richard Andrews, Theodore Okechuku, Nicolas Padron (together, the "Dealer Defendants"), and

Does 1–100.  Plaintiff asserts six causes of action: (1) public nuisance (against all Defendants);

(2) fraud (against all Defendants); (3) negligence (against the Manufacturer and Distributor

Defendants); (4) gross negligence (against the Manufacturer and Distributor Defendants); (5)

violation of the Texas Controlled Substances Act (against the Distributor and Dealer

Defendants); and (6) unjust enrichment (against all Defendants).

The Distributor Defendants removed Plaintiff's case to federal court, allegedly pursuant

to 28 U.S.C. §§ 1332, 1441, and 1446, contending that there is complete diversity of citizenship

between Plaintiff, a Texas citizen, and the Distributor Defendants, all of which are citizens of

states other than Texas, and an amount in controversy that exceeds $75,000, exclusive of interest

and costs.  The Distributor Defendants contend that Plaintiff improperly joined the Manufacturer

Defendants, one of which is a Texas citizen, and the Dealer Defendants, all of whom are Texas citizens.  Plaintiff filed its Motion to Remand on the ground that the Manufacturer and Dealer Defendants were properly joined and that the parties are not completely diverse.  Even though the Distributor Defendants have not yet filed a response, the Court finds, *sua sponte*, that it lacks subject matter jurisdiction in this removed case.[1]  *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 618 (N.D. Tex. 2007).

In their Motion to Stay, the Distributor Defendants ask the Court to stay this civil action, pending a ruling by the Judicial Panel on Multidistrict Litigation ("JPML") on the application to transfer this case to MDL No. 2804 in the District Court of the Northern District of Ohio.  (Mot. Stay ¶¶ 1–7).

## II.    Legal Standards on Removal

### A.    Subject Matter Jurisdiction

Title 28 U.S.C. § 1441(a) permits the removal of any civil action brought in a state court of which the district courts of the United States would have original jurisdiction.  For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side."  *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1079 (5th Cir. 2008).  Moreover, under 28 U.S.C. §1441(b), a case cannot be removed based on diversity jurisdiction if any properly joined defendant is a citizen of the state in which the action is brought.

---

[1] The Court has reviewed the Distributor Defendants' Notice of Removal and has considered the arguments and authorities set forth in that pleading in support of the Distributor Defendants' position that the Manufacturer and Dealer Defendants were improperly joined and removal was appropriate.

### B.      Improper Joinder

The improper joinder doctrine is a narrow exception to the rule of complete diversity that may provide a basis for disregarding a defendant's citizenship. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568 (5th Cir. 2004). There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court. *Id.* at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). If a nondiverse defendant has been properly joined, then the federal court has no jurisdiction and must remand the removed case. *Martinez v. State Farm Lloyds*, No. X, 2016 WL 4427489, at *2 (N.D. Tex. Aug. 22, 2016) (Lynn, C. J.) (citing 28 U.S.C. § 1447). If, however, it is found that the nondiverse defendant has been improperly joined, then the remand must be denied and the claims against the nondiverse defendant dismissed without prejudice. *Id.* The party seeking removal bears a heavy burden to prove improper joinder. *Smallwood*, 385 F.3d at 574.

### C.      Fraudulent Misjoinder

Fraudulent misjoinder, sometimes referred to as *Tapscott* severance, is a doctrine first espoused by the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (1995), which allows a court to sever a non-diverse defendant and thereby "exercise diversity jurisdiction based on complete diversity between the plaintiff and defendant, if the claims against other non-diverse defendants are factually and legally unrelated and were joined in the same action [simply] to defeat diversity jurisdiction." *Hospitality Enters., Inc. v. Westchester Surplus Lines Ins. Co.*, No. 11-234, 2011 WL 1303954, at *2 (E.D. La. Mar. 31, 2011). District courts in the Fifth Circuit have often considered fraudulent misjoinder to be a viable procedural attack, although the Fifth Circuit has not expressly adopted the *Tapscott* doctrine. *See, e.g., Texas*

*Instruments Inc. v. Citigroup Glob. Markets, Inc*., 266 F.R.D. 143, 147 (N.D. Tex. 2010); *see also In re Benjamin Moore & Co*., 318 F.3d 626, 630 (5th Cir. 2002) (recognizing the "force" of the fraudulent misjoinder doctrine).  Under *Tapscott*, "[m]ere misjoinder" is not sufficient.  *Tapscott*, 77 F.3d at 1360.  Only "egregious" misjoinder justifies discounting the citizenship of allegedly misjoined defendants and finding complete diversity of citizenship.  *Id.*

### D.   Rule 21 Severance

Rule 21 of the Federal Rules of Civil Procedure permits a court "at any time, on just terms . . . [to] sever any claim against a party."  FED. R. CIV. P. 21.  A district court has "broad discretion" to permit or deny Rule 21 severance.  *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000) (citing *Brunet v. United Gas Pipeline Co*., 15 F.3d 500, 505 (5th Cir. 1994)).  Numerous grounds for discretionary severance may be proper.  For instance, "the district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice."  *Applewhite v. Reichhold Chems., Inc*., 67 F.3d 571, 574 (5th Cir. 1995).  The party seeking Rule 21 severance "bears the burden of proving that such action is necessary."  *Aspen Tech., Inc. v. Kunt*, No. 4:10-cv-1127, 2011 WL 86556, at *3 (S.D. Tex. Jan. 10, 2011) (citations omitted).

### III.   Analysis

#### A.   Motion to Remand

##### i.   Fraudulent Misjoinder

The Distributor Defendants do not argue that (1) Plaintiff pleaded actual fraud in its statement of jurisdictional facts, or that (2) Plaintiff cannot establish a cause of action against the Manufacturer and Dealer Defendants in state court.  *See Smallwood*, 385 F.3d at 574.  Rather, the Distributor Defendants claim that the citizenship of the Manufacturer and Dealer Defendants should be ignored under the fraudulent misjoinder doctrine, because Plaintiff's claims against the Manufacturer and Dealer Defendants are factually and legally unrelated and were joined simply to defeat diversity jurisdiction.  (Rem. Not., ECF. No. 1 ¶¶ 11–12).

Here, however, Plaintiff's allegations against the Distributor Defendants are related to those against the Manufacturer and Dealer Defendants, and the Distributor Defendants do not allege facts that illustrate that the alleged misjoinder was "egregious" or "border[s] on sham."  *See Tapscott*, 77 F.3d at 1360.  In the Petition, Plaintiff alleges that the Distributor Defendants profited from distributing the fraudulently marked opioids, knowingly failed to report or stop the increase in opioid distribution and sale, and engaged in a scheme with the Manufacturing and Dealer Defendants to fuel the sale of opioids.  (Pet., ECF No. 1-3, ¶¶ 14, 131–148, 195–99). Thus, there is no fraudulent misjoinder under *Tapscott*, and severance on this ground is inappropriate.

##### ii.   Rule 21 Severance

The Distributor Defendants argue that Plaintiff's claims against the Manufacturer and Dealer Defendants should be severed under Rule 21.  (Rem. Not. ¶ 21–30).  The Court disagrees. As described above, Plaintiff's claims against the Distributor, Manufacturer, and Dealer

Case 3:18-cv-00426-M   Document 10   Filed 03/07/18   Page 7 of 7   PageID 741


Defendants are both factually and legally intertwined.  Further, Plaintiff will be prejudiced if the Distributor Defendants are severed from the Manufacturer and Dealer Defendants, because the Manufacturer Defendants would be able to shift blame onto the absent Distributor Defendants. *See Newman-Green, Inc. v. Alfonzo-Lorrain*, 490 U.S. 826, 837 (1989).  Therefore, the Court declines to sever Plaintiff's claims against the Manufacturer and Dealer Defendants under Rule 21.

### B.    Motion to Stay

The Distributor Defendants move to stay this case pending possible transfer to MDL No. 2804.  However, because the Court does not have subject matter jurisdiction over this case, it declines to stay the case.

### IV.    Conclusion

Accordingly,

IT IS ORDERED that the Distributor Defendants' Motion to Stay [ECF No. 5] is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand [ECF No. 3] is **GRANTED**, and that this civil action is **REMANDED** to the 116th Judicial District Court of Dallas County, Texas.

**SO ORDERED**.

March 7, 2018.

BARBARA M. G. LYNN
CHIEF JUDGE

7